**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: KELLY BRYAN DONAHUE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: KELLY BRYAN DONAHUE | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1304 WDA 2023 |

Appeal from the PCRA Order Entered October 10, 2023
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000534-2002

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.:                    **FILED: May 13, 2024**

Appellant, Kelly Bryan Donahue, appeals *pro se* from the order entered on October 10, 2023, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.        We briefly summarize the facts and procedural history of this case as follows. On March 18, 2003, Appellant pled guilty to one count each of driving under the influence of alcohol (DUI) – second offense and fleeing or attempting to elude.[1]  The trial court sentenced Appellant to one to two years of incarceration followed by two years of probation, consecutive to an unrelated sentence. Appellant did not appeal. On September 9, 2003, Appellant filed a *pro se* PCRA petition, but was denied relief. ***See Commonwealth v. Donahue***, 509 WDA 2017, at *1 (Pa. Super. 2018)

---

[1] 75 Pa.C.S.A. §§ 3731(a)(1) and 3733(a), respectively.

(non-precedential decision). Thereafter, the trial court recounted that "Appellant was released from prison in February 2016, [but] probation had not yet begun on his 2003 DUI case." *Id.* (record citations and footnotes omitted). "In October 2016, a detainer was issued for his arrest due to new charges." *Id.* In a hearing held in November 2016, the trial court noted that although Appellant had not yet started his probation on the 2003 DUI sentence, it would anticipatorily revoke his probationary sentence in light of the newly incurred charges. At the conclusion of the hearing, the court revoked Appellant's probation and re-sentenced Appellant to six months to two years of incarceration with credit for time served from October 14, 2016, consecutive to Appellant's other sentences. We affirmed Appellant's revocation sentence on January 3, 2018. *Id.* Appellant did not appeal that determination.

Currently at issue, on August 30, 2023, Appellant filed a second *pro se* PCRA petition. In his PCRA petition, Appellant alleged that, in light of the Pennsylvania Supreme Court's decision in ***Commonwealth v. Rosario***, 294 A.3d 338 (Pa. 2023) filed on May 16, 2023, anticipatory revocation of his probationary sentence was unlawful and resulted in the imposition of an illegal sentence. Appellant claimed that the recent decision in ***Rosario*** triggered an exception to the PCRA's one-year timing requirement, either as an unknown fact, governmental interference, or a newly recognized constitutional right. *See Pro Se* PCRA Petition, 8/30/2023, at 2-3. On September 8, 2023, the PCRA court gave Appellant notice of its intent to dismiss the PCRA petition

without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On October 10, 2023, the PCRA court dismissed Appellant's PCRA petition. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues for our review:

1. [Whether] the PCRA court erred in concluding that Appellant's petition was untimely pursuant to 42 Pa.C.S.A. § 9545(b)(1)[?]

2. Does the [Pennsylvania] Supreme Court [] ruling in **Commonwealth v. Rosario**, 294 A.3d 338 (Pa. 2023), holding that the anticipatory revocation of a sentence of probation that has yet to start is illegal constitute[s] a proceeding in a tribunal without jurisdiction?

3. Does the [Pennsylvania] Supreme Court [] ruling in **Rosario** holding [] misappl[ication of] 42 Pa.C.S.[A. §] 9771, constitute an exception to the [PCRA] time-bar pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i) government interference?

4. Is there any justification for the continuing malicious prosecution[,] miscarriage of justice[, and/or] continuous incarceration of Appellant via [an] illegal sentence, under the guise of being time-barred?

Appellant's *Pro Se* Brief at 5.

We adhere to the following standards:

In reviewing a denial of PCRA relief, we look to whether the lower court's factual determinations are supported by the record and are free of legal error. With respect to the PCRA court's legal conclusions, we apply a *de novo* standard of review. In reviewing credibility determinations, we are bound by the PCRA court's

---

[2] Appellant filed a timely *pro se* notice of appeal on November 2, 2023. On November 8, 2023, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. On December 6, 2023, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a), relying upon its rationale as provided in the Rule 907 notice.

findings so long as they are supported by the record. The PCRA court's findings and the evidence of record are viewed in the light most favorable to the Commonwealth as the [prevailing party] before the PCRA court.

***Commonwealth v. Lopez***, 249 A.3d 993, 998 (Pa. 2021) (internal citations omitted). "The PCRA requires that any PCRA petition be filed within one year of the date that the petitioner's judgment of sentence becomes final." ***Id.*** at 999, *citing* 42 Pa.C.S.A. § 9545(b)(1). "This one-year limitation is jurisdictional and, therefore, courts are prohibited from considering an untimely PCRA petition." ***Id.*** (citation omitted).

Here, Appellant's revocation sentence became final on February 2, 2018, thirty days after our Court affirmed his judgment of sentence and the time for seeking discretionary review in our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("[J]udgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); ***see also*** Pa.R.A.P. 1113 ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed."). Therefore, Appellant's current PCRA petition filed on August 30, 2023, more than five years after his judgment of sentence became final, is patently untimely.

To overcome the timeliness requirements of the PCRA, Appellant was required to plead and prove one of three exceptions set forth under the PCRA:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Appellant was also required to file his PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant invokes all three exceptions to the PCRA's one-year timing requirement. His entire argument, however, centers on the Pennsylvania Supreme Court's decision rendered in **Rosario** on May 16, 2023.[3] Appellant points out that **Rosario** overruled 40 years of precedent, ultimately holding that courts have "misapplied and misapprehended the statutory language in 42 Pa.C.S.A. § 9771[4] to anticipatorily revoke probation

_____

[3] Here, there is no dispute that Appellant filed his PCRA petition relying upon **Rosario** within one-year of that decision pursuant to Section 9545(b)(2).

[4] Section 9771 provides:

(a) General rule.--The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a

*(Footnote Continued Next Page)*

- 5 -

before it began" resulting in illegal sentencing.  Appellant's *Pro Se* Brief at 11.

Appellant claims that an illegal sentence claim cannot be waived.  *Id.* at 15.

He also asserts that the trial court's imposition of an illegal sentence

---

finding that a person presents an identifiable threat to public safety.

(b) Revocation.--The court may increase the conditions, impose a brief sanction under section 9771.1 (relating to court-imposed sanctions for violating probation) or revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. The attorney for the Commonwealth may file notice at any time prior to resentencing of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

(c) Limitation on sentence of total confinement.--The court shall not impose a sentence of total confinement upon revocation unless it finds that:

> (1) the defendant has been convicted of another crime; or

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

> (3) such a sentence is essential to vindicate the authority of the court.

(d) Hearing required.--There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S.A. § 9771.

constituted governmental interference. *Id.* at 8 and 10. Appellant further claims the facts upon which his claim is predicated were unknown to him at the time of his probation revocation, could not have been ascertained through due diligence, and only became known to him on May 16, 2023, when our Supreme Court filed *Rosario*. *Id.* at 13. Finally, Appellant maintains that *Rosario* recognized a new constitutional right, but concedes that the *Rosario* Court "does not overtly state that its decision … be [given] retroactive application[.]" *Id.* at 14.

Initially, we reject Appellant's reliance on the governmental interference and unknown facts exceptions to the PCRA's one-year timing requirement. A proper governmental interference claim presented pursuant to Section 9545(b)(1)(i) must show that governmental officials – through unlawful means - prevented Appellant from bringing a claim under the PCRA. *See* 42 Pa.C.S. § 9545(b)(1)(i) ("[T]he failure to raise the claim previously was the result of interference by government officials"). Appellant does not allege that government officials prevented his PCRA claim. Instead, he claims that the trial court imposed a sentence that was later rendered illegal in light of the new decision in *Rosario*. Such claim does not implicate the governmental interference exception to the PCRA. Likewise, the *Rosario* decision does not constitute unknown facts. *See Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011) ("[S]ubsequent decisional law does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii) of the PCRA.").

Regarding the constitutional right exception to the PCRA and our Supreme Court's decision in *Rosario*, the PCRA court determined:

> *Rosario* does not recognize a constitutional right[.] Like *Commonwealth v. Simmons*, 262 A.3d 512 (Pa. Super. 2021), it undertakes a wholly statutory analysis and concludes that *Commonwealth v. Wendowski*, 420 A.2d 628 (Pa. Super. 1980), its progeny, and every court since has misapplied [42 Pa.C.S.A.] § 9771. *Rosario*, moreover, does not purport to give retroactive application to its holding and, therefore, does not satisfy either of [Section] 9545(b)(1)(iii)'s requirements. That being the case, [Appellant's PCRA] petition is untimely[.]

Notice of Intent to Dismiss PCRA Petition, 9/8/2023, at *1.

We agree with the PCRA court's assessment. "[A]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007) (citation omitted). To satisfy the new constitutional right time-bar exception, a petitioner must plead and prove that: 1) "there is a 'new' constitutional right" recognized by either the Pennsylvania Supreme Court or the United States Supreme Court; and 2) "the right 'had been held' by that court to apply retroactively." *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002). In *Rosario*, our Supreme Court determined "[t]he plain language of [S]ection 9771, … reflects the legislative intent to permit the revocation of probation only after the relevant probationary term has begun" and that "only a violation of the probation itself may trigger revocation, not a violation of the probation order before the probation term has started." *Rosario*, 294 A.3d at 347. Ultimately, the *Rosario* Court held that "[p]ursuant to the plain

language of [S]ection 9771, it is clear that the anticipatory revocation of probation is unlawful and must accordingly be prohibited, irrespective of whether the rule established in **Wendowski** developed into a routinely enforced principle that was employed by our trial and appellate courts for over four decades" and, therefore, "the anticipatory revocation of a probation sentence that has yet to start is illegal under Pennsylvania law." **Id.** at 356 (original brackets and citation omitted). The Supreme Court's decision in **Rosario** turned on statutory, not constitutional, grounds and, moreover, did not hold that **Rosario** applied retroactively. **See Commonwealth v. Wells**, 309 A.3d 1063, at *2 (Pa. Super. 2023) (non-precedential decision) ("**Rosario** has not been held to apply retroactively.").[5] For all of the forgoing reasons, Appellant has not pled or proven an exception to the PCRA's one-year timing requirement. Accordingly, the PCRA court and we lack jurisdiction to entertain Appellant's patently untimely PCRA petition.

_____

[5] We reject any suggestion by Appellant that he is entitled to relief because his illegal sentencing claim is not subject to waiver or that the trial court lacked jurisdiction to revoke his probation in 2017. As mentioned, while it is true that illegal sentencing claims are not subject to waiver, such claims can only be addressed under the PCRA where a timely petition has been filed or a timeliness exception has been established. **See Fowler supra**. Likewise, lack of jurisdiction is an available basis to attack a conviction or a sentence under the PCRA but, like an illegal sentence, this basis can only be asserted if the petition is timely, or a timeliness exception has been established. **See Commonwealth v. Shears**, 270 A.3d 1151 (Pa. Super. 2021) (non-precedential decision) ("[A] claim that the trial court lacked jurisdiction does not provide an exception to the PCRA's time limit."). As discussed, Appellant has failed to establish a timeliness exception to the PCRA, so he cannot litigate his illegal sentence and jurisdictional claims.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/13/2024